UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RICO R. SIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-cv-1251 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## O P I N I O N and O R D E R

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Petitioner, Rico R. Sims, on July 23, 2009 (Doc. 1). The Motion is DENIED.

### BACKGROUND

On July 30, 2007, Petitioner entered a blind plea of guilty to the unlawful possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g). He was sentenced to 60 months of incarceration (to be served consecutively to a term of imprisonment in another case) and 3 years of supervised release on November 19, 2007. Petitioner appealed his conviction and the Seventh Circuit Court of Appeals affirmed on December 24, 2008.

Petitioner's arrest was the result of information obtained from Alicia Dean. Dean was arrested after a routine traffic stop revealed that she possessed ecstasy and marijuana. Dean told the police that she had recently purchased the marijuana from Petitioner at his residence in Peoria. The interviewing officer, Officer Barish, showed Dean a photographic lineup and she identified Petitioner as the person who

sold her the marijuana. While Dean could not remember Petitioner's exact address, Officer Barish drove her to the street she indicated and she pointed out Petitioner's house. Officer Barish prepared a complaint based on information supplied by Dean and prepared an affidavit for Dean to sign. Dean's affidavit did not name her but rather identified her as "John Doe" and stated that she feared retaliation. A search warrant was issued by a state court judge, who personally questioned Dean, based on the complaint and the affidavit. A subsequent search of Petitioner's house revealed marijuana and two firearms and ammunition.

Petitioner moved to suppress the evidence before this Court challenging Deans' reliability and hence the warrant. Petitioner argued that the issuing judge was not aware of various facts and that this lack of knowledge rendered Dean's affidavit unreliable. This Court found that the warrant was supported by probable cause and that police officers could rely on the warrant in good faith. Petitioner then entered a blind plea of guilty, reserving the right to appeal the denial of his motion to suppress.

On appeal, Petitioner challenged the search warrant arguing that the affidavit in support of the warrant did not establish probable cause to search his residence and that police officers could not have reasonably relied on the warrant. *United States v. Sims*, 551 F.3d 640 (7th Cir. 2008). Specifically, Petitioner argued that the issuing judge was not aware of Dean's arrest or the circumstances of her arrest nor was he aware of Dean's relationship with Petitioner. *Id.* at 644. Additionally, the affidavit did not include details like the layout of the residence or

the amount of marijuana that would be there. *Id.* The Seventh Circuit found Petitioner's arguments unavailing. The Court stated that Petitioner may challenge an affidavit in which material facts have been omitted intentionally or with reckless disregard for the truth. *Id.* at 645. However, the missing information did not "reach the level of constitutional materiality to a probable cause determination" and the information supplied was sufficient to establish probable cause. *Id.*

Petitioner timely filed a Motion pursuant to 28 U.S.C. § 2255 raising a number of arguments. Petitioner first argues that his counsel was ineffective because he was "deficient in providing advice" during the guilty plea stage, that the advice offered "was based on a gross misunderstanding of the law and facts of his case and the likely outcome of the charge," because his counsel failed to investigate his case, and because he provided "false and unreliable information relied upon by Petitioner." Petitioner further asserted that counsel failed to advise him as to the benefits of pleading guilty or going to trial. Specifically, Petitioner asserts that there "was no rational discussion of sentencing exposure because the 5 year sentence was never considered to be in the equation . . ." and that his counsel "induced him to reject offers to plead guilty and/or go to trial." Petitioner does not provide any details related to any conversation he had with his attorney nor is an affidavit attached to the Motion or supporting memorandum.

Petitioner also raises substantive claims. He again challenges Dean's Affidavit and the warrant issued as a result. He also argues that his sentence was improperly enhanced based on "multiple misdemeanor convictions." Petitioner

3

seeks an evidentiary hearing to resolve factual discrepancies and an order setting aside his sentence.

## STANDARD

Title 28 U.S.C. § 2255 provides that a sentence may be vacated, set aside, or corrected:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

Relief under § 2255 is "an extraordinary remedy to one who already has had an opportunity for full process." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A hearing is not required if the records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255, ¶2; *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007); *Kafo*, 467 F.3d at 1067 (noting that in order for a hearing to be granted, the affidavit that accompanies a § 2255 motion must be a detailed and specific document that constitutes actual proof of the allegations and not merely unsupported assertions). An evidentiary hearing in this matter is unnecessary as the issues can be resolved on the documents provided to the Court.

Petitioner's ineffectiveness claims are analyzed under the familiar standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on these claims, Petitioner must show that his counsel's performance was objectively deficient and that this deficient performance prejudiced his defense. *Id*. at 687. Counsel's performance is deficient if it "is one that falls below an objective standard

4

of reasonableness under prevailing professional norms." *Shell v. United States*, 448 F.3d 951, 954-955 (7th Cir. 2006). Petitioner bears a "heavy burden" in establishing this first prong because of a strong presumption that counsel's conduct was reasonable. *Id.* In the specific context of a guilty plea, Petitioner must show that "counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

### DISCUSSION

### I. Ineffective Assistance of Counsel

Petitioner argues that his trial and appellate counsel (the same attorney, Robert Alvarado, an Assistant Federal Public Defender) was ineffective because he was ignorant of the law, did not investigate Petitioner's case, and failed to inform or advise Petitioner as to his options – to plead or go to trial. Petitioner appears to argue that counsel was ineffective for both failing to explore potential plea agreements and by advising Petitioner "that acquittal on the charge was likely or certain."

Petitioner can prevail on a claim that counsel failed to investigate his case if he can demonstrate what an investigation would have produced and that such an investigation would have changed his counsel's advice. *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). Inaccurate sentencing advice does not demonstrate deficient performance unless Petitioner can show that his attorney

5

failed to "undertake a good-faith analysis of all the relevant facts and applicable legal principles." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000).

Petitioner has not offered any evidence, through an affidavit or otherwise, of what advice his attorney offered him, what advice should have been offered, what an investigation would have revealed, what plea agreement was offered and/or rejected, what his attorney advised him with respect to sentencing exposure, or even that he would have gone to trial in light of any additional or correct information. Rather, Petitioner states that a hearing is necessary in order for Petitioner, "his witnesses," and his counsel, to testify as to the advice given or not given.

As indicated above, this Court is not obligated to hold a hearing on each § 2255 Motion alleging ineffective assistance of counsel. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). A hearing is "not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" *Id.* (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)) A hearing is necessary if Petitioner "'alleges facts that, if proven, would entitle him to relief.'" *Id.* (quoting *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994)). Petitioner has only presented a vague statement that his attorney is unlearned, that he did not offer advice (or accurate advice), and that he did not conduct an investigation. Such allegations are insufficient to warrant a hearing. Petitioner also has failed to present a detailed or specific affidavit to attest to any facts that

would support the contention that he attorney offered him faulty advice. *See Torzala v. United States*, 545 F.3d 517, 525 (7th Cir. 2008).

The record fails to demonstrate that Petitioner's counsel was ineffective Respondent has attached the affidavit of attorney Alvarado in which he avers that he has been an Assistant Federal Public Defender since 2002, that he represented Petitioner before this Court and the Court of Appeals, that he discussed the sentencing guidelines with Petitioner, and that he advised Petitioner of the actions he was taking on his behalf. At the change of plea hearing conducted on July 30, 2007, Petitioner testified, under oath, as to his counsel's performance. (See Doc. 27 in case *United States v. Rico R. Sims*, # 1:07-cr-10027). Petitioner indicated that he was aware of the charges against him and the consequences of pleading guilty. Namely, he was informed that he would be incarcerated from up to ten years and a term of supervised release up to life. (Tr. 7). Petitioner stated that no promises regarding sentence were made and that he was entering a blind plea of guilty. (Tr. 13-14). He stated that he discussed the charges and the "pros and cons of going to trial" which is attorney, that he was satisfied with his attorney's advice, and that he was not pressured into pleading guilty. (Tr. 14). Representations made by Petitioner under oath in a plea colloquy are presumed truthful. *United States v. Chapa*, 602 F.3d 865, 869 (7th Cir. 2010). Thus, the evidence reveals that Petitioner's counsel was knowledgeable and that he explained to Petitioner the benefits and consequences of pleading guilty versus going to trial. As such,

Petitioner has failed to demonstrate deficient performance. In light of this conclusion, it is unnecessary to examine the prejudice prong.

## II. Substantive Claims

As indicated above, Petitioner again challenges the constitutionality of the search warrant and argues that he sentence was improperly enhanced. Petitioner's arguments with respect to the search warrant were made before the Seventh Circuit Court of Appeals are were decided against Petitioner. Those matters decided on appeal cannot be re-litigated in a § 2255 Motion. *Varela v. United States*, 481 F.3d 932, (7th Cir. 2007) ("A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." (quotation marks and citations omitted)).

Petitioner argues that a November 1, 2007 amendment to the Sentencing Guidelines warrants a recalculation of his sentence (imposed on November 9, 2007). In particular, Petitioner asserts that his sentence should not have been enhanced in light of multiple previous misdemeanor convictions. Petitioner has not stated how his sentence violates the Constitution or the laws of the United States such that § 2255 relief is available. *See Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). Therefore, he is not entitled to any relief.

CASE TERMINATED

Entered this 20th day of July, 2010

                                                 s/ Joe B. McDade
                                            JOE BILLY MCDADE
                                  United States Senior District Judge